NOT FOR PUBLICATION (Doc. No. 12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ROBIN JONES,

      Plaintiff,

   v.

UNITED STATES OF AMERICA,

      Defendant.
_____

Civil No. 10-cv-3502 (RBK)

Criminal No. 1:07-cr-0862 (RBK)

**OPINION**

**KUGLER**, UNITED STATES DISTRICT JUDGE:

Robin Jones ("Plaintiff") brings this matter against the United States of America ("Defendant,") asserting that Defendant's Answer, responding to Plaintiff's allegations under 28 U.S.C. § 2255, was untimely. Plaintiff claims that because Defendant's response memorandum was untimely, Plaintiff's motion to strike should be granted by the Court. Defendant responds that Plaintiff's motion to strike must be denied because Defendant's response was timely filed. As explained below, the Court finds that Defendant's answer memorandum was timely. Therefore, the Court denies Plaintiff's motion to strike.

**I. BACKGROUND**

This case stems from Plaintiff Robin Jones's motion to strike an allegedly untimely memorandum, filed by Defendant, the United States of America, in its answer to Plaintiff's 28 U.S.C § 2255 petition. Pl. Motion to Strike ¶ 1. Plaintiff was charged with a bank robbery in October 25, 2007. Def. Mem. at 2. Later, in his sentencing hearing on April 23, 2008, Plaintiff was given an imprisonment term within the Sentencing Guidelines of 151 months. Id. Plaintiff

followed with a notice of Appeal, claiming his sentence was unreasonable. Id. at 3. This appeal was rejected on the merits by the United States Court of Appeals for the Third Circuit. Id. At the beginning of the matter, Plaintiff was represented by counsel Maggie F. Moy (Moy). Doc. No. 4, ¶ 2. On August 14, 2008, Moy filed and forwarded Plaintiff's opening brief, in the United States Court of Appeals for the Third Circuit. Id. After the filing, Plaintiff never heard from Moy again. Id.

On July 12, 2010, Jones filed a 28 U.S.C § 2255 "to vacate, set aside or correct a sentence by a person in federal custody." Pl. Motion to Strike ¶ 2. In this petition, Plaintiff asserted only one claim of ineffective assistance of counsel. Def. Mem. ¶ 1. The following day, on July 13, 2010, this Court ordered Defendant to file a response in regard to Plaintiff's allegations within a 45-day period. Pl. Motion to Strike ¶ 2. During this time, Paul J. Fishman "Fishman," attorney for the District of New Jersey, and Matthew T. Smith "Smith," Assistant U.S. Attorney, appeared as counsel for the United States on August 2, 2010. Doc. No. 3.

Based upon allegations of ineffective assistance of counsel, on September 18, 2010, Plaintiff came before the court asserting a petition to compel his counsel, Moy, to turnover the entire case file to Plaintiff. Doc. No. 7 ¶ 2. From this point, Plaintiff represented himself pro se. Id. Furthermore, Plaintiff also asserted that there was still no response given by Defendant with regard to Plaintiff's motion within the 45-day period. Pl. Motion to Strike ¶ 2.

On November 17th, 2010, Defendant submitted a letter to the Court, requesting a 45-day extension to respond to the Plaintiff's 28 U.S.C. § 2255 petition. Doc. No. 7 ¶ 6. Shortly after receiving the letter, the Court, on November 22nd, 2010, responded to Defendant's letter by granting the request of an extension. Doc. No. 5. In response to the Court granting an extension for Defendant, Plaintiff filed a petition to dismiss the action. Doc. No. 6.

On August 3rd, 2011, the Court ordered that Plaintiff's opposition to the extension be denied on the merits and that Defendant file its answer on or before September 14th, 2011. Doc. No. 7. Following this Court order, on August 19th, 2011, the Defendant had reassigned the matter to Alyson M. Oswald (Oswald), Assistant United States Attorney. Doc. No. 8.

In a letter sent prior to the final day of the Court ordered extension, on September 9th, 2011, the Defendant wished to enter an Order pursuant to <u>United States v. Miller</u>. Doc. No. 9. The <u>Miller</u> Order process provides notification to the Plaintiff that a person seeking relief from federal incarceration under § 2255 must include all potential claims of relief in the petition for which review is sought. <u>Id.</u> Defendant stated clearly in the letter, that if the Court decided not to accept an order pursuant to the <u>Miller</u> Order, Defendant would be prepared to immediately file their answer before the end of the September 14th, 2011 extension. <u>Id.</u> The Court accepted Defendant's request and sent notice to Plaintiff on September 26th, 2011 to file his response to the <u>Miller</u> Order within a 30-day period. Doc. No. 10. Plaintiff never filed a response within this time. <u>Id.</u>

On November 16th, 2011, Defendant filed its answer memorandum to vacate Plaintiff's 28 U.S.C § 2255 petition. Def. Mem. ¶ 1. Defendant's answer asserted that it violated no constitutional rights of Plaintiff and that Plaintiff failed to prove his counsel's assistance was ineffective. Id. ¶ 4.

Plaintiff, in his response, filed a motion to strike the Defendant's memorandum on December 2, 2011. Pl. Motion to Strike ¶1. The motion to strike, according to the Plaintiff, was solely based on the Defendant's memorandum being untimely on three separate occasions. <u>Id.</u> ¶¶ 2-6. Plaintiff argued that Defendant's untimely filing violated previous instructions given by the

Court in responding to his 28 U.S.C § 2255 petition. Id. Thus, Plaintiff argues his motion to strike should be fully considered at this juncture. Id. 7.

## II. LEGAL STANDARD

### A. Motion to Strike

Under Rule 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has "considerable discretion" in deciding a Rule 12(f) motion. Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993). However, motions to strike are disfavored and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." River Road Dev. Corp. v. Carlson Corp. Ne., No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). A motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency. See Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, at 391 (3d ed. 2004). Nevertheless, a court can consider an improper Rule 12(f) motion as a motion to dismiss under Rule 12(b)(6). See Deluca v. Michigan, No. 06-12552, 2007 WL 1500331, at *1 (E.D. Mich. May 23, 2007); Magnotta v. Leonard, 102 F. Supp. 593, 593 (M.D. Pa. 1952).

## III. DISCUSSION

### A. Defendant's Motion To Strike

Plaintiff moves to strike the Defendant's answer memorandum pertaining to Plaintiff's 28 U.S.C. § 2255 petition. Plaintiff specifically argues that because Defendant allegedly failed to meet Court ordered deadlines on three specific occasions, the memorandum that was eventually submitted by Defendant is deemed untimely. The Court agrees with Defendant that Plaintiff

failed to produce sufficient evidence to prevail on its motion to strike at this time and should therefore be dismissed.

Plaintiff asserts that Defendant's November 18, 2010 letter, seeking a 45-day extension to respond to Plaintiff's motion, was untimely, highlighting the expiration of the prior deadline of August 26, 2010. Based upon the facts that show the Court granting Defendant's extension on November 22, 2010, we must construe the letter and eventual filing of the memorandum as timely because it falls within the orders given by the Court.

Plaintiff argues, in their motion to strike, that a second deadline was "ignored" on January 6, 2011. However, the facts show that there was a pending Order of the Court, in regard to Plaintiff's motion to dismiss the Defendant's granted extension, which was not ruled upon until August of that year. Thus, the facts show the January 6, 2011 deadline was not "ignored" because there was a pending motion to dismiss present at that time period.

The Plaintiff also argues that Defendant's memorandum was untimely because its submission "disregard[ed] the deadline a third time" based on the November filing. The facts show that the Defendant did not disregard the deadline in its memorandum submission on November 16, 2011. Prior to the Court ordered September 14 deadline, Defendant sent a letter to the Court, requesting a <u>Miller</u> Order, which was fully accepted. Defendant clearly stated in a letter on September 9, 2011, that if the Court did not grant the <u>Miller</u> Order, Defendant would be prepared to file its answer memorandum immediately on or before the September 14 deadline. Thus, there is no sufficient evidence present that shows Defendant "disregarding the deadline for a third time." In fact, the evidence of the language in the letter suggests the contrary because Defendant clearly stated that an Answer would have been filed immediately had the Court not wished to grant the <u>Miller</u> Order.

Motions to strike, according to the Court, are disfavored and usually will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." River Road Dev. Corp., 1990 WL 69085, at *3. Here, Defendant's memorandum was not an untimely response to Plaintiff's 28 U.S.C. § 2255 petition. Further, because the Court gave the Plaintiff notice to respond to the Miller Order within 30 days, the facts show there is no prejudice on either party stemming from the submission of Defendant's memorandum on November 16, 2011. Plaintiff issued no response after the Miller Order notice was made on September 26, 2011. Clearly, the 30 day time period, given to the Plaintiff, had expired before Defendant issued its memorandum. As mentioned above, district courts have "considerable discretion" in deciding a Rule 12(f) motion, Tonka, 836 F. Supp. at 217. Because the Court finds insufficient evidence as to each assertion of untimeliness made by Plaintiff, Plaintiff's Motion to Strike must be denied.

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion to Strike. An appropriate order shall enter today.

Dated:  6/18/12                                              /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge